Russell G. Evans, Bar Number 7192
Armand J. Howell, Bar Number 10029
Benjamin J. Mann, Bar Number 12588
Paul M. Halliday, Jr., Bar Number 5076
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for RM Lifestyles, LLC
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone: 801-355-2886
Fax: 801-328-9714
Email: russ@hwmlawfirm.com
File No: 46761

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>TOBIE A KENT<br><br>Debtor. | Bankruptcy Case No. 16-23883<br>Chapter 13<br><br>**MOTION TO TERMINATE AUTOMATIC STAY AND CODEBTOR STAY AS TO RM LIFESTYLES, LLC OR IN THE ALTERNATIVE TO ANNUL THE AUTOMATIC STAY AND FOR IN-REM RELIEF PURSUANT TO 11 U.S.C.A. § 362 (d)(4)**<br><br>[Filed Electronically] |

RM Lifestyles, LLC, hereinafter referred to as ("RM Lifestyles"), hereby moves the Court pursuant to 11 U.S.C., Section 362, for an order terminating the automatic stay and for In-Rem Relief Pursuant to 11 U.S.C.A. § 362(d)(4) with respect to the following described real property (the "Property") located in Salt Lake County, State of Utah:

> Lot 2, ADELE COURT SUBDIVISION and amending Lot 6-A of Country Cove Estates and also amended Cyldesdale Acres Sub., according to the Official Plat thereof as recorded in the office of the Salt Lake County Recorder.

NOW KNOWN AS:

Lot 2A and 2B, ADELE COURT SUBDIVISION, Amending Lots 1 and 2, according to the Official Plat as recorded in the office of the Salt Lake County Recorder.

Together with the buildings and improvements thereon, and the rights, alleys, ways, waters, privileges, appurtenances and advantages thereto belonging or in anywise appertaining;
Commonly known as 2557 West Clydesdale Circle, Bluffdale, Utah 84065;

so that it may proceed with the eviction process on its security interest in the property. This motion is based on the following.

## STATEMENTS OF FACTS

1. That on or about February 17, 2016, a foreclosure sale was held and the property was sold to RM Lifestyles. The Trustee's Deed was recorded with the Salt Lake County Recorder's Office, Entry No. 12225478, on February 19, 2016 (Exhibit A).

2. An Eviction Complaint was filed in the Third District on February 26, 2016 (Case #160901408). The parties reached a stipulation regarding the Order of Restitution and put the stipulation on the record (Exhibit B). On March 15, 2016, the case was removed to The United States District Court, For The District of Utah, Central Division (Case #2:16-cv-00198-TS). On April 11, 2016, The United States District Court signed an Order Remanding Case to State Court (Exhibit C).

3. On May 6, 2016, at 11:44 AM, Judge Richard McKelvie signed the Immediate Order of Restitution (Exhibit D).

4. The Debtor filed the present bankruptcy on May 6, 2016 at 9:52 AM.

5. The Debtor and Co-Debtor (Christopher Kent) originally defaulted under the

terms of the Note and Mortgage by failing to make the monthly payments prior to October 6, 2010, when the Notice of Default was recorded (as per the Trustee's Deed).

6. Debtor and Co-Debtor then began to file the following Chapter 13 bankruptcies:

<u>Debtor</u>

11-23338, Filed 3/15/11 and closed 1/10/12, dismissed for failure to pay filing fee.

11-33664, Filed 9/21/11 and closed 1/9/12, dismissed for failure to pay filing fee.

12-24581, Filed 4/12/12 and closed 6/27/12, dismissed for failure to file information.

13-27672, Filed 7/5/13 and closed 9/10/13, dismissed for failure to pay filing fee.

15-27892, filed 8/24/15 and closed 11/02/15, dismissed for failure to pay filing fee.

16-23883, filed 5/6/16 (the present case).

<u>Co-Debtor</u>

11-28058, filed 6/1/11 and closed 11/7/11, dismissed for failure to file information.

11-37456, filed 12/12/11 and closed 3/16/12, dismissed for failure to file information.

12-29294, filed 7/19/12 and closed 10/9/12, dismissed for failure to file information.

14-21433, filed 2/19/14 and closed 5/12/14, dismissed for failure to pay filing fee.

15-22664, filed 3/27/15 and closed 7/14/15, dismissed for faulty plan, no statement of current monthly income, failure to file statements and schedules and failure to provide pay advices.

7. The Debtor and Co-Debtor have established a pattern over the past 6 years by filing eleven (11) separate bankruptcies and never actually performing the very first initial steps that would be needed to make a case viable.

## ARGUMENT

**1.      Court should grant relief from the Stay**

11 U.S.C.A. 362(d)(1) provides that relief from the stay shall be granted for (1) cause and (2) (A) the debtor does not have an equity in such property and (B) such property is not necessary to an effective reorganization.  There is cause to terminate the stay under 362(d)(1) based upon the scheme by Debtor to hinder, delay, or defraud RM Lifestyles and grounds to terminate the stay since the Debtor does not have equity in the Property and the Property is not necessary for an effective reorganization.

      *A.      Cause to Terminate the Stay Due to the Scheme to Delay and/or Hinder RM Lifestyles.*

Debtor and Co-Debtor, have engaged in a sophisticated scheme involving the filing of several bankruptcies, each filed individually, so that when one case dismissed, the other can file a new case. Their only intent has been to prevent foreclosure and now the eviction from the Property for as long as possible.  It is clear that the Debtor and Co-Debtor are engaging in a scheme to delay, hinder and defraud RM Lifestyles.  Based upon that, cause exists to terminate the automatic stay.

**2.      Relief from Stay under 362(d)(4)**

11 U.S.C.A. 362(d)(4) provides for relief from the stay shall be binding on the property for two years from the date of the entry of the order.

> With respect to a stay of an act against real property by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, **or** defraud creditors that involved:
>     (A)     transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval.
>     (B)     multiple bankruptcy filings affecting such real property.
> If recorded in compliance with applicable State laws… be binding in any other case under this title filed not later than 2 years after the date of order.

In the present case, Debtor's bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved the filing of the eleventh bankruptcy in six years. The previous bankruptcies that were filed on the verge of foreclosure were all dismissed very soon after filing. Therefore, RM Lifestyles requests that the Court order be binding on the property for the next two years.

3.     **Annul the Automatic Stay.**

Based on the Debtor and Co-Debtor's attempts to hinder the foreclosure and present eviction process, the court should annul the automatic stay so that the signed Order of Restitution is valid and RM Lifestyles can immediately take possession of their property without having to file another Complaint for Eviction. The Debtor and Co-Debtor have wrongfully tried to move the state court action to the federal court and have also filed the above-listed eleven bankruptcies. They have shown a clear pattern abusing the courts in order to remain in the property.

4.     **Waiver of Rule 4001(a)(3) 14 Day Waiting Period.**

Pursuant to Rule 4001(a)(3) an order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, *unless the court orders otherwise* (emphasis added). The Court should waive the 14 day waiting period based upon the scheme of the Debtor and Co-Debtor to delay, hinder and defraud RM Lifestyles. Therefore, RM Lifestyles requests that the stay be terminated effective immediately upon the Court signing the Order Terminating the Stay.

WHEREFORE, RM Lifestyles moves the Court for the following relief:

1.     That the evidentiary hearing to be held within thirty days of the date of this

motion in accordance with 11 U.S.C., Section 362, be the final evidentiary hearing on this matter;

2.      That the automatic stay pursuant to 11 U.S.C., Section 362, be modified and terminated to permit RM Lifestyles to immediately exercise its rights and remedies under applicable state and federal law;

3.      That any order granting relief from the stay be binding on the Property pursuant to 11 U.S.C.A. § 362(d)(4);

4.      With respect to Rule 4001(a)(3), for immediate enforcement of any order for relief granted herein.

DATED this 9th day of May, 2016.

/s/ Russell G. Evans
Russell G. Evans
Attorney for RM Lifestyles, LLC.

**EXHIBIT "A"**

After Recording Return To:
RM Lifestyles LLC
376 East 400 South
Salt Lake City, UT 84111

12225476
2/19/2016 2:11:00 PM $13.00
Book - 10404 Pg - 3025-3026
Gary W. Ott
Recorder, Salt Lake County, UT
eTITLE INSURANCE AGENCY
BY: eCASH, DEPUTY - EF 2 P.

Case No.10.63608.1/MNI

Parcel ID #: 33-04-451-046, 33-04-451-047

(Space above for County Recorder's use)

### TRUSTEE'S DEED

This deed is made by eTitle Insurance Agency ("eTitle"), as trustee under the trust deed described below, in favor of RM Lifestyles LLC, 376 East 400 South, Salt Lake City, UT 84111, as grantee.

Christopher Kent and Tobie A. Kent, as trustors, executed and delivered to Integrated Title Insurance Services, LLC as trustee, for the benefit of Mortgage Electronic Registration Systems, Inc., as nominee for Academy Mortgage Corporation, its successors and assigns, as beneficiary, a trust deed dated May 30, 2008 to secure the performance of obligations under a promissory note executed and delivered for a valid consideration on or about May 30, 2008. The trust deed was filed for record June 3, 2008, with recorder's entry No. 10443492 in Book 9613, at Page 4306, Salt Lake County, Utah, and covered the property described below (the "Property").

eTitle was appointed as trustee by a substitution of trustee filed for record October 6, 2010, with recorder's entry No. 11048422 in Book 9866, at Page 7096, Salt Lake County, Utah.

A default occurred under the terms of the promissory note and trust deed. A written notice of default and election to sell (the "Notice of Default") was recorded on October 6, 2010, with recorder's entry No. 11048423 in Book 9866, at Page 7097, Salt Lake County, Utah.

Within ten days after the Notice of Default was recorded, a copy of the Notice of Default reflecting the recording data was mailed, by certified mail, to each person whose name and address were set forth in a request for notice filed for record prior to the filing of the Notice of Default.

The default was not cured within three months after the filing of the Notice of Default and the trustee executed a Notice of Trustee's Sale stating that it would sell the Property at public auction to the highest bidder, fixing the date and time of the sale as February 17, 2016, at 12:30 pm, and caused copies of the Notice of Trustee's Sale to be posted on the Property and in the office of the Salt Lake County Recorder not fewer than 20 days before the date of sale. eTitle also caused a copy of the Notice of Trustee's Sale to be published once a week for three consecutive weeks before the date of sale in the Intermountain Commercial Record, a newspaper having a general circulation in the county in which the Property is situated, the first date of such publication being January 14, 2016, and the last date being January 28, 2016. At least 20 days before the date of the sale, the trustee also mailed, by certified mail, a copy of the

2557 West Clydesdale Circle, Bluffdale, UT 84065

Version 1.2                                                                                                  09/08/2015

Notice of Trustee's Sale to each person whose name and address were set forth in a request for notice filed for record prior to the filing of the Notice of Default.

All applicable statutory requirements of the State of Utah and all of the requirements of the trust deed were met with respect to the acts to be performed and notices to be given. At the time and place of sale the Property was sold to the grantee. Accordingly, eTitle, by virtue of its authority under the trust deed and in consideration of the premises recited and of the $430,000.00 bid and paid by the grantee, grants and conveys to the grantee, without any covenant or warranty, express or implied, effective as of the time of the sale, all of the Property situated in Salt Lake County, Utah, described as follows:

> Lot 2, ADELE COURT SUBDIVISION and amending Lot 6-A of Country Cove Estates and also amending Clydesdale Acres Sub., according to the official plat thereof as recorded in the office of the Salt Lake County Recorder.
>
> NOW KNOWN AS:
>
> Lots 2A and 2B, ADELE COURT SUBDIVISION, Amending Lots 1 and 2, according to the official plat as recorded in the Office of the Salt Lake County Recorder.
>
> Together with the buildings and improvements thereon, and the rights, alleys, ways, waters, privileges, appurtenances and advantages thereto belonging or in anywise appertaining.

DATED: 2/19/16

eTitle Insurance Agency, Trustee

Printed Name: Scott Lindberg
Authorized Officer
3269 South Main, Suite 100
Salt Lake City, UT 84115
Office Hours: 8:00 a.m. – 5:00 p.m.
801-263-3400

State of Utah    )
                 : ss.
County of Salt Lake )

On this 19th day of February, 2016, Scott Lindberg, an authorized officer of eTitle Insurance Agency, trustee, appeared before me and acknowledged that he executed the foregoing instrument.

Notary Public

Meggan Lee Campbell
Notary Public State of Utah
My Commission Expires on:
October 1, 2019
Comm. Number: 685411

2557 West Clydesdale Circle, Bluffdale, UT 84065

**EXHIBIT "B"**

```
                       3RD DISTRICT COURT - SALT LAKE
                     SALT LAKE COUNTY, STATE OF UTAH


                 RM LIFESTYLES LLC vs. CHRISTOPHER KENT
CASE NUMBER 160901408 Eviction
_____


CURRENT ASSIGNED JUDGE
        RICHARD MCKELVIE


PARTIES
        Plaintiff -  RM LIFESTYLES LLC
        Represented by: BENJAMIN J MANN
        Defendant - CHRISTOPHER KENT
        Defendant - TOBIE KENT
        Defendant -  DOES 1-10


ACCOUNT SUMMARY
        TOTAL REVENUE   Amount Due:          75.00
                       Amount Paid:          75.00
                            Credit:           0.00
                           Balance:           0.00
        REVENUE DETAIL - TYPE: COMPLAINT 0K-2K
                        Amount Due:          75.00
                       Amount Paid:          75.00
                     Amount Credit:           0.00
                           Balance:           0.00

PROCEEDINGS
02-26-16 Filed: Complaint
02-26-16 Case filed
02-26-16 Fee Account created      Total Due:         75.00
02-26-16 COMPLAINT 0K-2K          Payment Received:          75.00
02-26-16 Note: discovery tier set to Exempt
02-26-16 Judge RICHARD MCKELVIE assigned.
02-26-16 Filed: Return of Electronic Notification
03-02-16 Filed: Answer
                 CHRISTOPHER KENT
                 TOBIE KENT


03-03-16 Filed: Request for Hearing
Printed: 05/06/16 15:20:56           Page 1
```

```
CASE NUMBER 160901408 Eviction
_____

03-03-16 Filed: Return of Electronic Notification
03-03-16 IMMEDIATE OCCUPANCY scheduled on March 11, 2016 at 01:30 PM in
         FOURTH FLOOR-N41 with Judge FAUST.
03-03-16 Notice - NOTICE for Case 160901408 ID 17283803
         IMMEDIATE OCCUPANCY is scheduled.
                Date: 03/11/2016
                Time: 01:30 p.m.
                Location: FOURTH FLOOR-N41
                          THIRD DISTRICT COURT
                          450 SOUTH STATE STREET
                          SALT LAKE CITY, UT  84114-1860
         Before Judge: ROBERT FAUST
03-03-16 Filed: Notice for Case 160901408 ID 17283803
03-11-16 Filed: Notice of Removal to Federal Court
03-11-16 Minute Entry - IMMEDIATE OCCUPANCY
         Judge:    ROBERT FAUST
         Clerk:    shanadw
         PRESENT
         Defendant(s): TOBIE KENT
         Plaintiff's Attorney(s): BENJAMIN J MANN
         Audio
         Tape Number:    N41   Tape Count: 2:02-2:31
```

2:02 p.m.
Mr. Mann addresses the court with arguments and Motions for a 3 day
Order of Restitution.
Ms. Kent addresses the court and gives the court information
regarding case filed in Federal Court.
2:10 p.m.
The court will take a short recess.
2:28 p.m.
Mr. Mann informs the court that parties have reached a stipulation
and puts on the record. Ms. Kent agrees to the stipulation.
Mr. Mann to prepare order.

Printed: 05/06/16 15:20:57                Page 2

```
CASE NUMBER 160901408 Eviction
_____

03-15-16 Case Disposition is Removed Fed Court
         Disposition Judge is RICHARD MCKELVIE
03-15-16 Case Disposition is Remanded
         Disposition Judge is RICHARD MCKELVIE
04-11-16 Filed: Request/Notice to Submit
04-11-16 Filed: Order of Restitution (Proposed)
04-11-16 Filed: Return of Electronic Notification
04-12-16 Filed: Other - Unsigned Order of Restitution (Proposed)
04-12-16 Note: Docket reflects that the case is now in federal court.
              Case has been disposed of
04-12-16 Filed: Return of Electronic Notification
04-22-16 Filed: Notice of Filed Order
04-22-16 Filed: Request/Notice to Submit
04-22-16 Filed: Order of Restitution (Proposed)
04-22-16 Filed: Return of Electronic Notification
05-02-16 Note: This case has been remanded back to District Court. See
              attachment to NTS filed on 04-11-16.
05-02-16 Filed: Notice of Filed Order Remanding Case to State Court
05-02-16 Filed: Return of Electronic Notification
05-03-16 IMMEDIATE OCCUPANCY scheduled on May 06, 2016 at 01:30 PM in
         FOURTH FLOOR-N45 with Judge MAUGHAN.
05-03-16 Notice - NOTICE for Case 160901408 ID 17420033
         IMMEDIATE OCCUPANCY is scheduled.
             Date: 05/06/2016
             Time: 01:30 p.m.
             Location: FOURTH FLOOR-N45
                       THIRD DISTRICT COURT
                       450 SOUTH STATE STREET
                       SALT LAKE CITY, UT  84114-1860
         Before Judge: PAUL G MAUGHAN
05-03-16 Filed: Notice for Case 160901408 ID 17420033
05-06-16 Issued: Order of Restitution
             Judge RICHARD MCKELVIE
05-06-16 Filed: Return of Electronic Notification




Printed: 05/06/16 15:20:57          Page 3 (last)
```

# EXHIBIT "C"

Benjamin J. Mann, Utah Bar Number 12588
Paul M. Halliday, Jr., Utah Bar Number 5074
Stephen B. Watkins, Bar Number 3400
Halliday, Watkin & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, Utah 84111
801-355-2886
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISON

| | |
|---|---|
| RM LIFESTYLES, INC., | Case No. 2:16-cv-00198-TS |
| Plaintiff, | |
| vs. | **ORDER REMANDING CASE TO STATE COURT** |
| CHRISTOPHER KENT, TOBIE KENT, and DOES 1 THROUGH 10 | *Filed Electronically* |
| Defendant. | **The Honorable Ted Stewart** |

On March 21, 2016, Plaintiff filed its Motion to Remand to State Court. Defendants did not object to the Motion. Based upon the Pleadings, Plaintiff's Motion to Remand and good cause existing, the Court does hereby Order as Follows:

1. Plaintiff's Motion to Remand is granted and the case is remanded back to the Third Judicial District Court, State of Utah, Salt Lake County, State of Utah.

Dated: April 11, 2016.

By: _____
Ted Stewart
United States District Judge

# EXHIBIT "D"

The Order of the Court is stated below:
Dated: May 06, 2016         /s/ Richard McKelvie
11:44:13 AM                  District Court Judge

Benjamin J. Mann, Bar Number 12588
Paul M. Halliday, Jr., Bar Number 5076
Armand J. Howell, Bar Number 10029
**HALLIDAY, WATKINS & MANN, P.C.**
Attorneys for Plaintiff
376 East 400 South, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 355-2886
Fax: (801) 328-9714
File Number: 46761

# IN THE THIRD JUDICIAL DISTRICT COURT, STATE OF UTAH

## SALT LAKE COUNTY, SALT LAKE DEPARTMENT

| | |
|---|---|
| RM LIFESTYLES, LLC, **Plaintiff,** v. CHRISTOPHER KENT, TOBIE KENT, and DOES 1 THROUGH 10, **Defendants.** | IMMEDIATE ORDER OF RESTITUTION Civil Number 160901408 Judge Richard McKelvie |

**TO THE DEFENDANT(S):**

Immediately following the service of this Order of Restitution upon you, you must vacate the premises located at **2557 West Clydesdale Circle, Bluffdale, Utah 84065**, remove your personal property, and restore permanent possession of the premises to the Plaintiff(s), or be forcibly removed by a Sheriff or Constable. Furthermore, you have the right to a hearing to contest the terms of the Order of Restitution or the manner of its enforcement. A form for requesting a hearing, together with a copy of this Order of Restitution will be served upon you in accordance with Rule 4, Utah Rules of Civil Procedure.

If you fail to comply with this Order of Restitution immediately following its service upon you, the

Sheriff or Constable may, at the direction of the Plaintiff(s), enter the premises by force using the least destructive means possible to remove you, your personal property, and any persons claiming a right to occupancy from you.

**TO THE SHERIFF OR CONSTABLE OF ANY COUNTY FOR THE STATE OF UTAH:**

If Defendant(s) after being served with the Order of Restitution in accordance with Utah Code Annotated 78B-6-812(2)(a) fails to comply within the time prescribed above, then, **YOU ARE COMMANDED** to, at Plaintiff's direction, enter the premises by force, using the least destructive means possible, to remove the Defendant(s), any personal property, and any persons claiming a right to occupancy from Defendant(s).

**SIGNATURE OF COURT ON FIRST PAGE OF THIS DOCUMENT**